William **REID**, et al. Plaintiffs,

v.

**GENERAL MOTORS CORPORATION,
et al., Defendants.**

**No. CIVA 2:05CV401DF.**

United States District Court,
E.D. Texas,
Marshall Division.

Dec. 19, 2006.

Ruffin B. Cordell, Washington, DC, Indranil Mukerji, Boston, MA, James A. Fussell, III, Washington, DC, Fish & Richardson P.C., for Microsoft Corp.

Rodney Allyn Cooper, Edward K. Chin, Nix Patterson & Roach LLP, for Plaintiffs.

## *ORDER*

FOLSOM, District Judge.

Before the Court is Microsoft's Motion to Intervene. Dkt. No. 79. Also before the Court are Plaintiffs' response, Defendants' reply, and Plaintiffs' sur-reply. Dkt. Nos. 88, 95 & 99, respectively. Having considered the briefing and all relevant papers and pleadings, the Court finds that Microsoft's motion should be **GRANTED**.

## I. BACKGROUND

This case had been pending before the Honorable T. John Ward, who entered an order of recusal on October 30, 2006. Dkt. No. 82. Plaintiffs allege infringement of United States Patent No. 6,131,120 (the " '120 Patent"). Third Amended Complaint, Dkt. No. 19. The Abstract of the '120 Patent reads as follows:

> An enterprise network using a wide area network (WAN), and having routers and servers, uses a master direct[ory] to determine access rights, including the ability to access the WAN through the routers and the ability to access the se[rv]er over the WAN.

Microsoft, claiming that Plaintiffs have essentially accused its product of infringement and brought suit against its customers, seeks to intervene in this action as a defendant. Microsoft's proposed Complaint in Intervention seeks declaratory judgments of noninfringement, invalidity, and unenforceability. Dkt. No. 79, Exh. A at ¶¶ 13–28. Plaintiffs oppose intervention, but defendants Haliburton and General Motors do not. Defendant Schwab does not oppose to the extent Microsoft's intervention will not result in a trial setting later than October 2007.

## II. LEGAL PRINCIPLES

Federal Rule of Civil Procedure 24 ("Rule 24") allows for intervention in certain

circumstances either as a matter of right or by permission. Rule 24 is aimed at preventing multiple lawsuits when common questions of law or fact are involved. It does not permit, however, the creation of a whole new lawsuit by an intervenor. *Deus v. Allstate Ins. Co.*, 15 F.3d 506, 525 (5th Cir.1994). In part, Rule 24 states:

(a) Intervention of Right. Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties. (b) Permissive Intervention. Upon timely application anyone may be permitted to intervene in an action: (1) when a statute of the United States confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common.... In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

■ Rule 24(a) allows a party to intervene as a matter of right if four requirements are met; the failure to meet any of the requirements precludes intervention as a matter of right. *Sierra Club v. Espy*, 18 F.3d 1202, 1204–05 (5th Cir.1994). The four requirements are: (1) the application must be timely; (2) the applicant must have an interest relating to the property or transaction that is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede its ability to protect its interest; and (4) the applicant's interest must be inadequately represented by the existing parties to the suit. *Id.*

■ The determination of allowing permissive intervention under Rule 24(b) is wholly discretionary even where there is a common question of law or fact. *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 470–71 (5th Cir.1984).

## III. THE PARTIES' POSITIONS

Microsoft argues that (1) its technology is accused, and (2) it has been presented with an indemnity demand by defendant Haliburton. Dkt. No. 79. Microsoft moves for intervention as a matter of right or, alternatively, permissive intervention. *See* Fed. R.Civ.P. 24.

Plaintiffs primarily respond that Microsoft's motion is not timely. Dkt. No. 88 at 3–6. Plaintiffs also argue that joinder would cause prejudicial delay and give Defendants an opportunity to amend their invalidity contentions. *Id.* at 6–7. Plaintiffs propose that there would be no prejudice to Microsoft if intervention were denied because Microsoft can file its own declaratory judgment action. *Id.* at 7–9. As to common questions, Plaintiffs argue "[i]nfringement is based on how each defendant implements various systems and methods ... to infringe the '120 Patent." *Id.* at 8–9.

Microsoft replies that its motion to intervene was not provoked until late August, when Plaintiffs amended their infringement contentions. Dkt. No. 95 at 2–3. Microsoft also argues that in light of the Court's order to submit a revised schedule, the old deadlines cannot be used to show delay or prejudice. *Id.* at 4. Microsoft argues that it would be prejudiced if intervention were denied because defendant "Haliburton, an oil and gas company, ... does not have the primary interest in proving that Active Directory does not infringe." *Id.* at 5.

Plaintiffs, in sur-reply, argue they identified Microsoft's product no later than June 1, 2006. Dkt. No. 99 at 1. Plaintiffs further argue that Microsoft's "Active Directory" is only part of Haliburton's infringing system. *Id.* at 2. Plaintiffs' sur-reply reiterates that it has not seen evidence of an indemnity demand made to Microsoft by Haliburton. *Id.* at 4.

At the hearing, Microsoft advised the Court that it has provided Plaintiffs with a

copy of its indemnity agreement with Haliburton.

## IV. DISCUSSION

■ The Court finds that Microsoft's claims and defenses share common questions of law and fact with the action by Plaintiffs against Defendants. Plaintiffs contend that Microsoft's software is a substantial part of an allegedly infringing system operated by defendant Haliburton. In particular, Plaintiffs accuse Haliburton's Identity Management ("IdM") system of infringing the '120 Patent. Microsoft's proposed Complaint in Intervention seeks declaratory judgments of noninfringement, invalidity, and unenforceability. Dkt. No. 79, Exh. A at ¶¶ 13–28. Microsoft's claims of invalidity and unenforceability raise the same questions of law and fact as similar claims by Defendants because they are all asserted against the '120 patent. *See* Dkt. Nos. 23, 24 & 26. Microsoft's Active Directory technology appears to be central to both Microsoft's claim of noninfringement and, at minimum, Haliburton's claim of noninfringement.

■ Microsoft's intervention will not "unduly delay or prejudice the adjudication" of Plaintiffs' rights. Fed.R.Civ.P. 24(b). Because the recent October 30, 2006 transfer of this case from the Honorable T. John Ward (*see* Dkt. No. 82) requires substantial revisions to the scheduling order, the Court finds that any delay imposed by the new scheduling order will not substantially result from Microsoft's intervention. Furthermore, the Court does not find sufficient "untimeliness" to warrant denying Microsoft's motion. Microsoft submitted, for *in camera* review, correspondence between Haliburton and Microsoft regarding Microsoft's contractual obligation to indemnify Haliburton. Having reviewed the contents and, more importantly, the dates of this correspondence, the Court is satisfied that Microsoft moved to intervene in a timely manner. Therefore, the timing of Microsoft's motion has not caused "undue delay." *Id.*

Having found common questions of law and fact and no undue delay or prejudice, the Court allows permissive intervention of Microsoft as a defendant pursuant to Rule 24(b)(2). The Court need not decide whether intervention must be permitted as a matter of right pursuant to Rule 24(a)(2).

## V. CONCLUSION

For all of these reasons, Microsoft's Motion to Intervene (Dkt. No. 79) is hereby **GRANTED**.